The judgment of the United States District Court for the District of Kansas is AFFIRMED.

**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Alex E. POWELL, Defendant–Appellant.**

**No. 01–3373.**

United States Court of Appeals, Tenth Circuit.

April 24, 2002.

Before TACHA, Chief Judge, EBEL and LUCERO, Circuit Judges.

ORDER AND JUDGMENT*

EBEL, Circuit Judge.

Defendant–Appellant Alex E. Powell appeals from the sentence resulting from his convictions on two counts of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). He raises two issues solely for the purpose of preserving them for review by the United States Supreme Court. First, he argues that his conviction should be reversed because § 922(g)(1) exceeds Congress's authority under the Commerce Clause. This argument is foreclosed by *United States v. Dorris,* 236 F.3d 582, 586 (10th Cir.2000), *cert. denied,* 532 U.S. 986, 121 S.Ct. 1635, 149 L.Ed.2d 495 (2001). Second, Powell argues that his constitutional rights were violated "by a sentencing guideline system in which the facts exposing him to a particular sentence range were not included in the indictment and were not proven beyond a reasonable doubt under *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000)." This argument is foreclosed by *United States v. Sullivan,* 255 F.3d 1256, 1265 (10th Cir.2001), *cert. denied,* — U.S. ——, 122 S.Ct. 1182, — L.Ed.2d — (2002). Powell's convictions and sentence are AFFIRMED.

---

* After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. *See* Fed. R.App. P. 34(f) and 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This Order and Judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.